# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| THADDEUS N TURNER | § | Case No. 15-43309 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/28/2015 . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of               $     1,000,000.00

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 258,408.36 |
| Bank service fees | 0.00 |
| Other payments to creditors | 86,040.04 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 580,551.60 |
| Leaving a balance on hand of[1]          $ | 75,000.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 09/06/2016 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 22,950.43 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 22,950.43 , for a total compensation of $ 22,950.43 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 66.29 , for total expenses of $ 66.29 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/14/2017               By:/s/Peter N. Metrou, Trustee
                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-43309 | BWB | Judge: | Bruce W. Black | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | THADDEUS N TURNER | | | | Date Filed (f) or Converted (c): | 12/28/2015 (f) |
| | | | | | 341(a) Meeting Date: | 01/20/2016 |
| For Period Ending: | 02/14/2017 | | | | Claims Bar Date: | 09/06/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2014 Kia Optima 58,000 miles | 14,250.00 | 0.00 | | 0.00 | FA |
| 2. Used Furniture & Household Goods | 350.00 | 0.00 | | 0.00 | FA |
| 3. cell Phone, Used Ipad, Old Computer, TV | 650.00 | 0.00 | | 0.00 | FA |
| 4. Used Clothes | 500.00 | 0.00 | | 0.00 | FA |
| 5. chase-Checking | 0.02 | 0.00 | | 0.00 | FA |
| 6. 401k through work | 600.00 | 0.00 | | 0.00 | FA |
| 7. 2015 Anticipated Tax Refund | 1,000.00 | 0.00 | | 0.00 | FA |
| 8. Potential Medical Malpractice Suit (u) | 0.00 | 1,000,000.00 | | 1,000,000.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $17,350.02   $1,000,000.00   $1,000,000.00   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Order granting motion to reopen on 5/2/2016 see Dkt# 18. Employed Special Counsel on 6/14/2016 to handle medical malpratice case see Dkt# 25. Motion to settle granted 1/20/2017 see Dkt# 29.

RE PROP #   8   --   Per Motion to Settle Dkt# 28, case was settled for $1,000,000.00. Per approved Motion to Settle Trustee was to withhold $75,000.00 to pay administrative costs and claims. $15,000.00 exemption was included in the abandonment portion received by Debtor.

Initial Projected Date of Final Report (TFR): 07/03/2017   Current Projected Date of Final Report (TFR): 07/03/2017

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: 15-43309 | Trustee Name: Peter N. Metrou, Trustee |
| Case Name: THADDEUS N TURNER | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX5843 |
| | Checking |
| Taxpayer ID No: XX-XXX8618 | Blanket Bond (per case limit): $1,000,000.00 |
| For Period Ending: 02/14/2017 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/07/17 | | Cirigani, Heller & Harman, LLP<br>150 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606 | Payment on Medical Malpractice case per settlement | | $75,000.00 | | $75,000.00 |
| | | | Gross Receipts $1,000,000.00 | | | | |
| | | Aetna | PI Lien Payment ($10,542.47) | 4210-000 | | | |
| | | Aetna | PI Lien Payment ($46,011.92) | 4210-000 | | | |
| | | LawCash | PI Lien Payment ($29,485.65) | 4210-000 | | | |
| | | Cirignani, Heller, and Harman, LLP<br>150 S. Wacker Drive<br>Suite 2600<br>Chicago, IL 60606 | Attorneys fees ($250,000.00) | 3120-000 | | | |
| | | Cirignani, Heller, and Harman, LLP<br>150 S. Wacker Drive<br>Suite 2600<br>Chicago, IL 60606 | Attorneys Expenses ($8,408.36) | 3220-000 | | | |
| | | Thaddeus Turner<br>413 East Jackson Street<br>Apartment 413<br>Joliet, IL 60432 | Abandoned Surplus ($580,551.60) | 8200-002 | | | |
| | 8 | | Potential Medical Malpractice Suit $1,000,000.00 | 1242-000 | | | |

| | | |
|---|---|---|
| COLUMN TOTALS | $75,000.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $75,000.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $75,000.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011)  *(Page: 4)*        Page Subtotals:  $75,000.00  $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5843 - Checking | $75,000.00 | $0.00 | $75,000.00 |
|  | $75,000.00 | $0.00 | $75,000.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $925,000.00 |
| Total Net Deposits: | $75,000.00 |
| Total Gross Receipts: | $1,000,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:15-43309-BWB  
Debtor Name: THADDEUS N TURNER  
Claims Bar Date: 9/6/2016  

Date: February 14, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL 60543 | Administrative<br>Payment Status: Valid To Pay | | $0.00 | $22,950.43 | $22,950.43 |
| 100 2200 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL 60543 | Administrative<br>Payment Status: Valid To Pay | | $0.00 | $66.29 | $66.29 |
| 100 3210 | Cirignani, Heller, and Harman, LLP<br>150 S. Wacker Drive<br>Suite 2600<br>Chicago, IL 60606 | Administrative<br>Payment Status: Valid To Pay | | $0.00 | $250,000.00 | $250,000.00 |
| 100 3220 | Cirignani, Heller, and Harman, LLP<br>150 S. Wacker Drive<br>Suite 2600<br>Chicago, IL 60606 | Administrative<br>Payment Status: Valid To Pay | | $0.00 | $8,408.36 | $8,408.36 |
| 1 350 7200 | GFC LENDING COMPANY, LLC<br>P.O. BOX 29018<br>PHOENIX, AZ 85038 | Unsecured<br>Payment Status: Valid To Pay | | $12,154.00 | $13,229.79 | $13,229.79 |
| 2 350 7200 | ROCKFORD MERCANTILE<br>2502 S. ALPINE RD<br>ROCKFORD, IL 61108 | Unsecured<br>Payment Status: Valid To Pay | | $1,129.00 | $1,129.63 | $1,129.63 |
| 3 350 7200 | WESTERN FUNDING<br>4751 WILSHIRE BLVD., SUITE 100<br>LOS ANGELES, CA 90010 | Unsecured<br>Payment Status: Valid To Pay | | $20,420.00 | $11,989.27 | $11,989.27 |
| 400 4210 | Aetna | Secured<br>Payment Status: Valid To Pay | | $0.00 | $10,542.47 | $10,542.47 |
| 400 4210 | Aetna | Secured<br>Payment Status: Valid To Pay | | $0.00 | $46,011.92 | $46,011.92 |

Page 1                               Printed: February 14, 2017

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:15-43309-BWB  
Debtor Name: THADDEUS N TURNER  
Claims Bar Date: 9/6/2016  

Date: February 14, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 400 4210 | LawCash | Secured<br>Payment Status:<br>Valid To Pay | | $0.00 | $29,485.65 | $29,485.65 |
| 999 8200 | Thaddeus Turner<br>413 East Jackson Street<br>Apartment 413<br>Joliet, IL 60432 | Unsecured<br>Payment Status:<br>Valid To Pay | | $0.00 | $580,551.60 | $580,551.60 |
| | Case Totals | | | $33,703.00 | $974,365.41 | $974,365.41 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2                                          Printed: February 14, 2017

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-43309
Case Name: THADDEUS N TURNER
Trustee Name: Peter N. Metrou, Trustee

Balance on hand $ 75,000.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| | Aetna | $ 10,542.47 | $ 10,542.47 | $ 10,542.47 | $ 0.00 |
| | Aetna | $ 46,011.92 | $ 46,011.92 | $ 46,011.92 | $ 0.00 |
| | LawCash | $ 29,485.65 | $ 29,485.65 | $ 29,485.65 | $ 0.00 |

Total to be paid to secured creditors $ 0.00

Remaining Balance $ 75,000.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou | $ 22,950.43 | $ 0.00 | $ 22,950.43 |
| Trustee Expenses: Peter N. Metrou | $ 66.29 | $ 0.00 | $ 66.29 |
| Attorney for Trustee Fees: Cirignani, Heller, and Harman, LLP | $ 250,000.00 | $ 250,000.00 | $ 0.00 |
| Attorney for Trustee Expenses: Cirignani, Heller, and Harman, LLP | $ 8,408.36 | $ 8,408.36 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses $ 23,016.72

Remaining Balance $ 51,983.28

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE

Tardily filed claims of general (unsecured) creditors totaling $ 26,348.69 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 100.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | GFC LENDING COMPANY, LLC | $ 13,229.79 | $ 0.00 | $ 13,229.79 |
| 2 | ROCKFORD MERCANTILE | $ 1,129.63 | $ 0.00 | $ 1,129.63 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | WESTERN FUNDING | $   11,989.27 | $        0.00 | $   11,989.27 |
| | Total to be paid to tardy general unsecured creditors | | $ | 26,348.69 |
| | Remaining Balance | | $ | 25,634.59 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.7 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 194.73 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 25,439.86 .